UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. W-23-CV-00265-ADA |
| § | |
| QUANTA COMPUTER, INC., § | |
| § | |
| Defendant. § | |
| § | |

## ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Came on for consideration this date is Defendant, Quanta Computer, Inc.'s, Partial Motion to Dismiss for Failure to State a Claim. ECF No. 22. ACQIS LLC filed an opposition on October 30, 2023, ECF No. 24, to which Quanta replied on November 6, 2023, ECF No. 25. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **DENIES** Quanta's Motion to Dismiss for Failure to State a Claim.

### I. BACKGROUND

On April 10, 2023, ACQIS sued Quanta for patent infringement alleging Quanta infringes ten patents. ECF No. 1 ¶ 2. The claims of the Asserted Patents[1] are generally directed to computers and computer systems. ECF No. 24 at 2. The Asserted Method Claims recite methods of manufacturing computers and computer systems comprising steps such as "mounting," "connecting," "coupling," "providing," and "obtaining" certain components. ('768 patent, cl.

---

[1] The "Asserted Patents" are U.S. Patent Nos. 9,529,768 ("the '768 patent"), 9,703,750 ("the '750 patent"), 8,756,359 ("the '359 patent"), 8,626,977 ("the '977 patent"), RE44,739 ("the '739 patent"), 8,977,797 ("the '797 patent"), 9,529,769 ("the '769 patent"), RE45,140 ("the '140 patent"), RE44,654 ("the '654 patent"), and 8,234,436 ("the '436 patent").

13; '750 patent, cl. 1; '359 patent, cl. 6; '977 patent, cl. 1; '739 patent, cl. 18; '797 patent, cl. 36; '769 patent, cl. 19; '140 patent, cl. 35; '654 patent, cl. 23; '436 patent, cl. 13). ACQIS alleges Quanta directly infringed the claims of the Asserted Patents under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the Accused Quanta Products[2] and under 35 U.S.C. § 271(g) by importing the Accused Quanta Products into the United States. ECF No. 1 ¶¶ 70, 74-77, 79-83.

On October 16, Quanta moved to dismiss under Rule 12(b)(6) on two grounds: a failure to plausibly allege infringement under 35 U.S.C. § 271(g) and collateral estoppel. ECF No. 22.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to Plead

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. When considering a Rule 12(b)(6) motion, a court must assume that all well-pled facts are true and view them

---

[2] ACQIS alleges that Quanta's manufacture and sale of the following products infringe the ACQIS Patents: Apple-branded MacBook, MacBook Air, and MacBook Pro laptop computers ("Accused Quanta Laptops"); iMac, iMac Pro, and Mac Mini desktop computers ("Accused Quanta Desktops"); and Quanta-branded QuantaGrid, QuantaPlex, STRATOS, QuantaEdge, Rackgo X, Rackgo M, F06A, and F06D edge and rack servers ("Accused Quanta Servers") (collectively, the "Accused Quanta Products"). Compl., ¶¶ 70, 75-77.

in the light most favorable to the non-moving party. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678.

### B.   35 U.S.C. § 271(g)

"[W]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer." 35 U.S.C. § 271(g). A product is "made by a process patented in the United States" if it is a physical article "manufactured" by a claimed method/process. *See, e.g.*, *Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1373-77 (Fed. Cir. 2003); *Momenta Pharms., Inc. v. Teva Pharms. USA Inc.*, 809 F.3d 610, 616 (Fed. Cir. 2015). § 271(g) "is limited to physical goods that were manufactured and does not include information generated by a patented process." *Bayer*, 340 F.3d at 1368. On the other hand, claims that recite steps to manufacture infringing physical products (e.g., computer products) have been found to qualify for protection under § 271(g). *Zond, LLC v. Toshiba Corp.*, No. 13-CV-11581-DJC, 2014 WL 4056024, at *4-5 (D. Mass. Aug. 14, 2014). Courts review "the claim language, specification, [and] prosecution history" to determine whether a patent claim's limitations are drawn to manufacturing steps. *See, e.g.*, *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996).

### C.   Collateral Estoppel

"Collateral estoppel protects a party from having to litigate issues that have been fully and fairly tried in a previous action and adversely resolved against a party-opponent." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). "The issue of whether to apply collateral estoppel is a question of law." *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540,

549 (5th Cir. 2013). Thus, the issue of whether to apply collateral estoppel may be properly addressed in a motion to dismiss. *See, e.g.*, *NetSoc, LLC v. Oath Inc.*, No. 18-CV-12267 (RA), 2020 WL 419469, at *1 (S.D.N.Y. Jan. 24, 2020); *Arunachalam v. Exxon Mobil Corp.*, No. 6:19-CV-00171-ADA, 2019 WL 10303695, at *1 (W.D. Tex. June 26, 2019). Regional circuit law governs the general procedural question of whether collateral estoppel (issue preclusion) applies, but Federal Circuit law governs questions involving substantive issues of patent law. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015). For example, "the question whether a particular claim in a patent case is the same as or separate from another claim has special application to patent cases, and [a court should] therefore apply [Federal Circuit] law to that issue." *Ohio Willow*, 735 F.3d at 1342 (citations omitted). The Fifth Circuit has held that collateral estoppel applies if: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision."[3] *Bradberry*, 732 F.3d at 548.

### III. ANALYSIS

**A.   ACQIS' method claims recite steps that qualify for protection under § 271(g).**

According to ACQIS' Complaint, the "inventions claimed in the ACQIS Patents enable computers to operate faster with better efficiency through faster interconnections" and "generally relate to computers that employ CPUs coupled to LVDS [low voltage differential signal] channels

---

[3] The Fifth Circuit also recognizes a fourth element, namely, "whether there are any special circumstances that make it unfair to apply the doctrine" of collateral estoppel. *Bradberry*, 732 F.3d at 548. However, this element is only considered in offensive use of collateral estoppel by the plaintiff. *Id.* at 548-549; *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013). The fourth element does not apply in this case since it involves defensive use of collateral estoppel by the defendant.

4

that convey various types of data . . ..” ECF No. 1 at ¶¶ 58-58. Quanta contends that the asserted method claims are carried out "*during the operation* of Accused Quanta Products, *not during the manufacture of* Accused Quanta Products." ECF No. 22 at 5 (emphasis in original). Quanta further asserts that to incur liability under § 271(g), the asserted method claims must have been used directly in the manufacturing of a physical good, not merely the transmission of data.

However, ACQIS asserts the included processes that transmit data when the Accused Quanta Products are in operation reflect methods of testing and manufacturing. *See, e.g.*, *Zond*, 2014 WL 4056024, at *4-5 (denying motion to dismiss § 271(g) infringement claim "because Zond's patented process is used to manufacture the alleged infringing [computer] products"); *Anvik Corp. v. Sharp Corp.*, No. 07 CIV. 0825 (SCR), 2010 WL 11416949, at *3-5 (S.D.N.Y. Aug. 11, 2010) (finding asserted claims recite method of manufacturing, not method of use). ACQIS' Complaint does not limit the inventions to transmission of information. *See* ECF No. 1. As ACQIS argues, the "Asserted Method Claims recite steps employed when assembling a computer product." ECF No. 24 at 6. The Asserted Method Claims recite method steps including "'mounting,' 'connecting,' 'coupling,' 'providing,' and 'obtaining.' ('797 patent, cl. 36; '769 patent, cl. 19; '140 patent, cl. 35; '654 patent, cl. 23)." ECF No. 24 at 6.
ACQIS' Complaint alleges Quanta integrated components into sockets or slots on a motherboard to execute instructions and generate signals to manufacture a physical computer product satisfying the § 271(g) inquiry. ECF No. 1 at ¶¶ 84-128.

> The claims in the ACQIS Patents generally relate to computers and computer systems that employ CPUs coupled to LVDS channels that convey various types of data (*e.g.*, PCI bus transactions, USB 3.x data, and/or digital video data) in a serial bit stream using pairs of unidirectional channels to convey the data in opposite directions.

5

ECF No. 1 at ¶ 58. The inclusion of claim limitations directed to data transmission does not change that the claims cover methods of manufacturing, which include testing, a physical computer product. *See McRO, Inc. v. Namco Bandai Games Am., Inc.*, 23 F. Supp. 3d 1113, 1122-23 (C.D. Cal. 2013) (finding complaint adequately alleged infringement under § 271(g) where "the alleged infringement is not merely the transmission of information, but rather, [defendant's] use of the method to manufacture a 'physical product'").

For the foregoing reasons ACQIS has plausibly alleged infringement under 35 U.S.C. § 271(g), and these claims should not be dismissed under Rule 12(b)(6).

B.   **The claim construction and non-infringement issues here are not identical to the issues previously adjudicated in *EMC*.**

The Federal Circuit affirmed the District Court of Massachusetts's construction of "PCI bus transaction" and ruled that PCIe does not infringe claims requiring "PCI bus transaction." *See ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, 2021 WL 1088207, *5 (D. Mass. Feb. 19, 2021) ("EMC MSJ Opinion"), *aff'd*, No. 2021-1772, 2022 WL 1562847, *1 (Fed. Cir. May 18, 2022) ("EMC Fed. Cir. Op."). Quanta argues that ACQIS has substituted Quanta as a defendant to re-litigate claim construction and infringement issues previously adjudicated before the District Court of Massachusetts and the Federal Circuit. ECF No. 22 at 8. Quanta asserts that collateral estoppel precludes ACQIS from raising the identical issue of whether the PCIe can infringe claims requiring a "PCI bus transaction." ECF No. 22 at 13. As Quanta notes, the Asserted Patents and those in the *EMC* case share a common inventor, belong to the same parent family, include limitations reciting "Peripheral Component Interconnect (PCI) bus transaction or "PCI" bus transaction," and have essentially identical specifications. ECF No. 25 at 4.

However, the Asserted Patents and the Asserted Method Claims are not identical to the patents and claims asserted in the *EMC* case.

ACQIS asserts that collateral estoppel does not apply because the claim construction and non-infringement issues raised by this case are different from the *EMC* case. ECF No. 24 at 10. In the *EMC* case, the Federal Circuit adopted the district court's constructions of "Peripheral Component Interconnect (PCI) bus transaction," "communicating . . . PCI bus transaction," and related terms. *EMC*, 2021 WL 1088207, at *3-8. ACQIS contends that the Asserted Method Claims limitation language does not merely recite "PCI bus transaction." ECF No. 24 at 10-11.

| Asserted Claim | Limitation |
|---|---|
| '768 patent, cl. 13 | "to convey **address and data bits of** a Peripheral Component Interconnect (PCI) bus transaction in a serial bit stream" |
| '750 patent, cl. 1 | "to convey **address bits, data bits, and byte enable information bits of** a Peripheral Component Interconnect (PCI) bus transaction in a serial bit stream" |
| '977 patent, cl. 1 | "to convey **encoded address and data bits of** a Peripheral Component Interconnect (PCI) bus transaction in a serial bit stream" |
| '797 patent, cl. 36 | "for conveying **encoded address and data bits of** a Peripheral Component Interconnect (PCI) bus transaction in serial form" |
| '436 patent, cl. 13 | "to communicate **encoded address and data bits of** Peripheral Component Interconnect (PCI) bus transaction in serial form" |

While the Asserted Method Claims do include "Peripheral Component Interconnect" (PCI) bus transaction," ACQIS distinguishes the Asserted Method Claims as containing "address and bits" limitations not presented to the Federal Circuit in *EMC*. ECF No. 24 at 11. The Federal Court has explained that "claim language should not [be] treated as meaningless." *Bicon, Inc. v.*

7

*Straumann Co.*, 441 F.3d 945, 951 (Fed. Cir. 2006). For Asserted Method Claims to mean the same as the language of the *EMC* claims, the Court would have to treat "address and data bits" as meaningless. As ACQIS argues, such a construction would disregard the canon of claim construction. ECF No. 24 at 12 Accordingly, the Asserted Method Claims should not be construed to mean the same as the *EMC* claims.

As Quanta highlights, the *EMC* district court "tied its determination of non-infringement to its construction of the PCI terms." ECF No. 22 at 14 (citing *EMC*, 2021 WL 1088207, at *5.) Further, the *EMC* district court held that the accused EMC products did not infringe claims requiring a not otherwise limited "PCI bus transaction." *EMC*, 2021 WL 1088207, at *5. Here ACQIS accuses Quanta of infringing claims that require the conveying or communicating of only specific "bits" of a PCI bus transaction, not a complete PCI bus transaction. ECF No. 24 at 13.

For the foregoing reasons the Court finds these claim construction and non-infringement issues are not identical to those adjudicated in the *EMC* case. As the issues in the current case are not identical to those previously raised, the court does not reach the second and third elements of the collateral estoppel analysis. ACQIS should not be estopped from raising the issues brought in this case.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant's Partial Motion to Dismiss for Failure to State a Claim is **DENIED.**

SIGNED this 6th day of December, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE