UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>          Plaintiff,<br><br>    v.<br><br>QUANTA COMPUTER, INC., a<br>Taiwanese corporation,<br><br>          Defendant. | Civil Action No. 6:23-cv-00265-ADA<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT QUANTA COMPUTER, INC.'S UNOPPOSED MOTION
FOR ISSUANCE OF LETTER ROGATORY FOR
INTERNATIONAL JUDICIAL ASSISTANCE**

Pursuant to Federal Rule of Civil Procedure 28(b), 28 U.S.C. § 1781, Defendant Quanta

Computer, Inc. ("Quanta") hereby moves unopposed for the issuance by the Court of a Letter

Rogatory for International Judicial Assistance in the form attached hereto as Exhibit A.

The assistance requested is for the Appropriate Judicial Authority of Taiwan to order the

production of relevant documents and testimony from Acer Incorporated ("Acer").

## I.   INTRODUCTION

Plaintiff ACQIS LLC ("ACQIS") accuses Quanta of infringing ten patents: U.S. Patent

Nos. 9,703,750 ("'750 patent"), 9,529,768 ("'768 patent"), 8,756,359 ("'359 patent"), 8,626,977

("'977 patent"), 8,977,797 ("'797 patent"), 9,529,769 ("'769 patent"), 8,234,436 ("'436 patent"),

RE44,739 ("'739 patent"), RE45,140 ("'140 patent"), and RE44,654 ("'654 patent") (collectively,

the "Asserted Patents"). These patents descend from the same parent applications filed by the same

inventor, share substantially the same specifications, and describe virtually identical subject

matter. The Asserted Patents relate to, among other things, a modular computer and the interconnection between the computer module and peripheral consoles.

ACQIS has previously asserted the Asserted Patents and their related patents against numerous defendants, including Acer. Many of these defendants, including Acer, disposed of ACQIS' infringement claims by taking a license to the Asserted Patents and/or their related patents. Accordingly, Quanta has reason to believe that Acer is in possession, custody, and control of information that is relevant to Quanta's defense of this litigation, including but not limited to sales information regarding accused products, which Quanta believes is important to calculation of damages to ACQIS, if any. Specifically, Acer is in possession, custody, and control of information and documents related to the license and/or settlement agreement(s) that Acer entered into with ACQIS covering the Asserted Patents and/or their related patents, including, but not limited to, sales of products covered by such agreement(s) and valuation of the licensed patents. Likewise, Quanta has reason to believe that one or more representatives at Acer have knowledge relevant to the same.

## II.   DISCUSSION

Because Acer is a resident of Taiwan and not a party to this litigation, Acer is beyond the jurisdiction of this Court. Accordingly, Quanta respectfully moves the Court to issue the attached Letter Rogatory to obtain documents and testimony from Acer that may be vital to Quanta's defenses in this case. *See Luminati Networks Ltd. v. Teso LT, UAB*, No. 2:19-CV-00395-JRG, 2020 WL 6815153, at *1 (E.D. Tex. Oct. 28, 2020); *see also Compagnie Des Grands Hotels d'Afrique S.A. v. Starman Hotel Holdings LLC*, No. 18-00654 RGA, 2019 WL 3081750, at *2 (D. Del. July 15, 2019) ("Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material

evidence."); Fed. R. Civ. P. 4(f)(2)(B), 28(b) (authorizing the taking of depositions abroad pursuant to letters rogatory); 28 U.S.C. § 1651 (authorizing courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law); 28 U.S.C. § 1781 (authorizing U.S. courts to transmit and receive letters rogatory or letters of request).

Pursuant to 28 U.S.C. § 1781(b)(2), the Court may sign a letter rogatory seeking the assistance of a foreign court for collecting evidence. Courts "routinely issue such letters" upon "a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 Civ. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005). Moreover, federal courts have the power to transmit such letters rogatory to foreign tribunals pursuant to 28 U.S.C. § 1781. *Doe v. Uber Techs., Inc.*, No. 19-cv-03310-JSC, 2022 U.S. Dist. LEXIS 1285, at *2 (N.D. Cal. Jan. 4, 2022). A movant need only show that evidence requested is relevant and necessary to the prosecution of the action. *Evanston Ins. Co. v. OEA, Inc.*, 2006 U.S. Dist. LEXIS 42068, at *10 (E.D. Cal. June 13, 2006). A "court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *Doe*, 2022 U.S. Dist. LEXIS 1285, at *2- 3. And letters rogatory shall issue unless good cause is shown otherwise. *Evanston*, 2006 U.S. Dist. LEXIS 42068, at *8 (citing *Zassenhause v. Evening Star Newspaper Co.*, 404 F. 2d 1361, 1364 (D.C. Cir. 1968)).

Here, the documents and testimony requested from Acer are relevant and necessary because, as described above, the discovery sought will assist the fact finder in determining the amount of damages, if any, to ACQIS for the alleged infringement by Quanta. The requests provided for in Attachments A and B of Exhibit A reflect that intention.

Quanta believes that Acer has information relevant to the issues of damages in this case because Acer was accused of infringing five patents that ACQIS has asserted against Quanta in this litigation—specifically, the '797 patent, '768 patent, '750 patent, '654 patent, and '140 patent. *See ACQIS LLC v. Acer Incorporated*, Case No. 2-21-cv-00275 (E.D. Tex.), Dkt. No. 1 (Complaint). Further, Acer disposed of ACQIS' infringement allegations "pursuant and subject to the terms of that certain agreement entitled 'SETTLEMENT AND LICENSE AGREEMENT' and dated August 29, 2022." *ACQIS LLC v. Acer Incorporated,* Case No. 2-21-cv-00275 (E.D. Tex.), Dkt. Nos. 80 (Motion and Stipulation to Dismiss Pursuant to Rule 41(a)(1)(A)(ii)) and 81 (Order granting the Motion and Stipulation). Quanta believes that Acer possesses information related to the agreement that is vital to the issues of damages in this case, such as that requested in Attachments A and B of Exhibit A. Moreover, there are no alternative means of obtaining the requested information. For example, on information and belief, detailed sales information related to Acer's products covered by the agreement resides solely within the possession, custody and control of Acer. And Acer uniquely possesses information related to its own valuation of ACQIS' patents. Such information is relevant to damages under the *Georgia -Pacific* factors. *See, e.g.*, *Inguran, LLC v. ABS Glob.*, 72 F.4th 1272, 1275 (Fed. Cir. 2023).

A letter rogatory is an appropriate method of obtaining discovery from Acer. *See*, *Taiwan Judicial Assistance Information*, U.S. Dep't of State Bureau of Consular Affairs, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html (last updated Nov. 15, 2013; last visited May 23, 2024). Because Acer is based in Taiwan, and Taiwan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil and Criminal Matters, parties in the United States use letters rogatory to seek discovery from Taiwanese entities. *See* Fed. R. Civ. P. 4(f)(2)(B); 28 U.S.C. § 1651

(authorizing courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law); 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

Quanta's Letter Rogatory, attached hereto as Exhibit A, provides Taiwan with certain information regarding the lawsuit and the information sought. Specifically, the letter describes the above referenced action, the relationship between Acer and this case, and the evidence and testimony sought from Acer.

## III.   CONCLUSION

For the aforementioned reasons, Quanta respectfully requests that the Court grant its motion for issuance of a Letter Rogatory.

Dated: June 6, 2024                                   Respectfully submitted,

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi
Texas Bar No. 24072114
**K&L Gates LLP**
2801 Via Fortuna, Suite 650
Austin, TX 78746
Tel. (512) 482-6919
darlene.ghavimi@klgates.com

Theodore J. Angelis (*pro hac vice*)
Jade Li-Yu Chen (*pro hac vice*)
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel. (206) 623-7580
Fax (206) 623-7022
theo.angelis@klgates.com
jade.chen@klgates.com

*Attorneys for Defendant Quanta Computer, Inc.*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 6, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi

## CERTIFICATE OF CONFERENCE

Counsel for the parties conferred on June 6, 2024 and counsel for Plaintiff has indicated that Plaintiff does not oppose the relief sought in this Motion.

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi