# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>        Plaintiff,<br>v.<br><br>QUANTA COMPUTER, INC., a<br>Taiwanese corporation,<br><br>        Defendant. | Civil Action No. 6:23-cv-00265-ADA<br><br>JURY TRIAL DEMANDED |

## **LETTER ROGATORY FOR INTERNATIONAL JUDICIAL ASSISTANCE**

The United States District Court for the Western District of Texas presents its compliments to the Appropriate Judicial Authority of Taiwan. It appears to this Court that the just determination of issues presented in the above captioned case requires the production of oral testimony and documents in the possession, custody, or control of

> Acer Incorporated
> No. 88, Xintai 5th Road 8th Floor Sec. 1 Xizhi District
> New Taipei City 221, Taiwan

Accordingly, the Court respectfully requests international judicial assistance to obtain evidence from Acer Incorporated ("Acer") to be used in the above captioned matter, including at trial.

This Court has authority to submit this Letter Rogatory under 28 U.S.C. § 1781(b)(2). A letter rogatory is an appropriate method of obtaining discovery from Acer. *See, Taiwan Judicial Assistance Information*, U.S. Dep't of State Bureau of Consular Affairs, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html (last updated Nov. 15, 2013; last visited May 23, 2024). Because Acer is based in Taiwan, and Taiwan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil and Criminal Matters, parties in the United States use letters rogatory to seek discovery from Taiwanese entities. *See* Fed. R. Civ. P. 4(f)(2)(B); 28 U.S.C. § 1651 (authorizing courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law); 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

2

The deadline for the completion of fact discovery in this matter is December 12, 2024, under the current schedule. In light of the forgoing, this Court respectfully requests that the Appropriate Judicial Authority of the Taiwan give this matter urgent attention so that the evidence requested herein may be obtained as soon as possible.

The particulars of the Letter Rogatory are as follows:

1. **Senders**

    The Honorable Alan D. Albright, United States District Court Judge
    United States District Judge
    United States District Court for the Western District of Texas, Waco Division
    800 Franklin Avenue
    Waco, Texas 76701
    United States of America

    *Upon Application By*: Defendant Quanta Computer, Inc. ("Quanta")

2. **Appropriate Judicial Authority of the Requested State**

    The American Institute in Taiwan, Taipei Main Office
    100 Jinhu Road, Neihu District
    Taipei 114017, Taiwan
    Telephone: +886-2-2162 2000 ext. 2306
    Emergency After-Hours Telephone: +886-2-2162 2000
    Fax: +886-2-2162 2239
    Email: TaipeiACS@state.gov

3. **Persons to whom the executed request is to be returned**

    Darlene F. Ghavimi
    2801 Via Fortuna, Suite 650
    Austin, TX 78746
    Tel. (512) 482-6919
    darlene.ghavimi@klgates.com

    Theodore J. Angelis
    Seattle, WA 98104
    Tel. (206) 623-7580
    Fax (206) 623-7022
    theo.angelis@klgates.com

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter Rogatory**

A response to this Letter Rogatory is requested as soon as possible.

**5a. Requesting judicial authority**

The Honorable Alan D. Albright, United States District Court Judge
United States District Judge
United States District Court for the Western District of Texas, Waco Division
800 Franklin Avenue
Waco, Texas 76701
United States of America

**5b. To the competent authority**

Taiwan

**5c. Name of case and identifying number**

*ACQIS LLC v. Quanta Computer, Inc.*, No. 6:23-cv-00265-ADA (WDTX)

6. **Names and addresses of the parties and their representatives (including representatives in the requesting state)**

   a. **Plaintiff**

   ACQIS LLC

   Represented in the United States by:

   David A. Caine
   David.Caine@arnoldporter.com
   Arnold & Porter
   3000 El Camino Real Five Palo Alto Square, Suite 500
   Palo Alto, CA 94306-3807
   USA
   Tel. 650-319-4710

   Charles Everingham, IV
   Ce@wsfirm.com
   Andrea L. Fair
   Andrea@wsfirm.com
   Claire Abernathy Henry
   Claire@wsfirm.com
   Garrett C. Parish

4

Gparish@wsfirm.com  
Ward, Smith & Hill, PLLC  
1507 Bill Owens Parkway  
Longview, TX 75604  
USA  
Tel. 903-757-6400  
Fax 903-757-2323

b. **Defendant**

Quanta Computer, Inc.

Represented in the United States by:

Theodore J. Angelis  
Theo.Angelis@klgates.Com  
K&L Gates, LLP  
925 Fourth Avenue, Suite 2900  
Seattle, WA 98104  
USA  
Tel. 206-623-7580  
Fax 206-623-7022

Darlene Ghavimi  
Darlene.Ghavimi@klgates.Com  
K&L Gates, LLP  
2801 Via Fortuna Suite 350  
Austin, TX 78746  
USA  
Tel. 512-482-6800  
Fax 512-482-6859

Jade Li-Yu Chen  
Jade.Chen@klgates.Com  
K&L Gates, LLP  
925 Fourth Avenue, Suite 2900  
Seattle, WA 98104  
USA  
Tel. 206-623-7580  
Fax 206-623-7022

c. **Other Parties**  
None

7. **Nature and purpose of the proceedings and summary of the facts and defenses**

The above captioned case, *ACQIS LLC v. Quanta Computer, Inc.*, No. 6:23-cv-00265-ADA (WDTX), is pending before this Court and is an action for patent infringement. ACQIS filed suit against Quanta on April 10, 2023, alleging infringement of U.S. Patent Nos. 9,703,750 ("'750 patent"), 9,529,768 ("'768 patent"), 8,756,359 ("'359 patent"), 8,626,977 ("'977 patent"), 8,977,797 ("'797 patent"), 9,529,769 ("'769 patent"), 8,234,436 ("'436 patent"), RE44,739 ("'739 patent"), RE45,140 ("'140 patent"), and RE44,654 ("'654 patent") (collectively, the "Asserted Patents").

The Asserted Patents descend from the same parent applications filed by the same inventor, share substantially the same specifications, and describe virtually identical subject matter. The Asserted Patents relate to, among other things, a modular computer and the interconnection between the computer module and peripheral consoles. ACQIS asserts that Quanta infringes the Asserted Patents by manufacturing and selling laptop and desktop computers and server products that allegedly incorporate the technologies claimed by the Asserted Patents.

An issue in the case is the calculation of damages, including but not limited to the determination of a reasonably royalty. Quanta has reason to believe that Acer is in possession, custody, and control of documents and information relevant to damages. Acer was accused of infringing five patents that ACQIS has asserted against Quanta in this litigation—specifically, the '797 patent, '768 patent, '750 patent, '654 patent, and '140 patent. *See ACQIS LLC v. Acer Incorporated*, Case No. 2-21-cv-00275 (E.D. Tex.), Dkt. No. 1 (Complaint). Further, Acer disposed of ACQIS' infringement allegations "pursuant and subject to the terms of that certain agreement entitled 'SETTLEMENT AND LICENSE AGREEMENT' and dated August 29, 2022." *ACQIS LLC v. Acer Incorporated*, Case No. 2-21-cv-00275 (E.D. Tex.), Dkt. Nos. 80 (Motion and Stipulation to Dismiss Pursuant to Rule 41(a)(1)(A)(ii)) and 81 (Order granting the

Motion and Stipulation). Acer likely possesses information related to the agreement and relevant to damages under the *Georgia-Pacific* factors. See, *e.g.*, *Inguran, LLC v. ABS Glob.*, 72 F.4th 1272, 1275 (Fed. Cir. 2023). Moreover, there are no reasonable alternative means of obtaining the requested information because Acer is likely the sole custodian of the discovery sought, such as detailed sales information related to products covered by the agreement and internal valuations of ACQIS' patents.

For these reasons, the United States District Court for the Western District of Texas believes that Acer will be able to provide evidence relevant to the issues identified above and without which the ends of justice could not be properly met. The United States District Court for the Western District of Texas believes that this information is not available from any other source.

Any confidential information, documents, or testimony provided would be protected from public disclosure under the terms of a Protective Order entered in this case. *See*, Attachment C.

### 8a. Evidence to be obtained or other judicial acts to be performed

Quanta seeks documents and testimony from Acer as set forth in Attachments A and B.

### 8b. Purpose of the evidence or judicial act sought

The evidence will be used to demonstrate, as is required under the United States Patent Act, any of the following: (1) that ACQIS licensed any one of the Asserted Patents or related patents, (2) the sum paid under any such licensing agreement and the calculation thereof, and (3) the valuation of the Asserted Patents or related patents.

### 9. Identity and address of any persons to be examined

Quanta seeks testimony from corporate representatives from Acer who may be knowledgeable of the agreement(s) between Acer and ACQIS and who may work at the following address (or at another Acer facility):

Acer Incorporated
No. 88, Xintai 5th Road 8th Floor Sec. 1 Xizhi District
New Taipei City 221, Taiwan

**10. Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined**

See Attachment B, attached.

**11. Documents or other property to be inspected**

See Attachment A, attached.

**12. Any requirement that the evidence be given on oath or affirmation and any special form to be used**

This Court respectfully requests that testimony be provided, and examination be conducted, under oath.

**13. Special methods or procedure to be followed**

This Court respectfully requests that the Central Authority direct a corporate representative of Acer to appear for remote deposition on July 1, 2024, or at a time and place otherwise mutually agreed upon by the parties and witness.

This Court further respectfully requests that (1) examination be taken orally and before a stenographer and videographer selected by Quanta; (2) a verbatim transcript of and an audiovisual record of the examination be permitted; (3) examination be conducted in English, or if necessary, with the assistance of an interpreter selected by Quanta; (4) if examination is conducted through an interpreter, a verbatim transcript of the examination be permitted in both English and Chinese; (5) examination not to exceed seven hours; (6) examination will be as soon as possible, and (7) the above mentioned U.S. counsel for Quanta and ACQIS be permitted to participate in the examination, by attending the testimony of the witnesses either in person or by video-link and be permitted to participate in the examination.

If the evidence cannot be taken according to some or all of these procedures described above, this Court requests that it be taken in such manner as provided by the laws of Taiwan for the formal taking of testimonial evidence. Costs incurred in relation to the deposition examination (court reporter, video recorder, simultaneous translation) shall be at Quanta's expense.

This Court also requests that Acer produce the documents listed in Attachment A to this Letter of Request at least ten (10) days prior to the deposition.

### 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified

This Court respectfully requests that you notify this Court, the above mentioned U.S. counsel for the parties, the witness from whom evidence is requested as indicated above, and such other person(s) that you deem proper.

### 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request

Not requested.

### 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin

Under the laws of the United States, witnesses may refuse to produce evidence on the basis that it constitutes a confidential communication between a lawyer and a client for the purpose of giving or receiving legal advice, and that privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges exist that are not likely applicable in this case, such as communications between doctors and patients, husbands and wives, and clergy and penitents. Other certain immunities may also exist such as the limited protection of work product created by attorneys during or in anticipation of litigation.

### 17. The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by:

9

Quanta Computer, Inc.

This Court stands ready to extend similar assistance to the judicial tribunals of Taiwan. To the extent that there are expenses associated with providing assistance in response to this Letter Rogatory, this Court will see that the appropriate judicial authority of Taiwan is reimbursed by Quanta Computer, Inc.

Date of Request: 6/25/24

Signature and Seal of the
Requesting Authority:

The Honorable Alan D Albright
United States District Court
Western District of Texas